FRANK J. JEWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8041.    Promulgated April 25, 1927.

> An action for breach of contract was brought against petitioner and others in 1919. An adverse judgment was entered by the trial court on September 20, 1920. An appeal from this judgment was seasonably prosecuted, and on May 4, 1921, the judgment was affirmed by the appellate court. Steps were taken to perfect a further appeal, when, in November, 1921, the controversy between the parties was settled and the judgment paid. Petitioner deducted in his income-tax return for 1920, his share of the judgment as a liability in that year, his books being kept upon the accrual basis. *Held*, petitioner is not entitled to the deduction claimed for 1920.

*Neal Brewster, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1920 in the amount of $1,234.09. Only the amount of $1,215.16, however, is in controversy.

It was stipulated that the facts in *Farmers National Bank of Rome, Executor*, v. *Commissioner*, 6 B. T. A. 1036, are identical with the facts in this proceeding.

### FINDINGS OF FACT.

Nelson Adams and Frank J. Jewell, at all times during the calendar years 1920 and 1921, were copartners carrying on business under the firm name and style of Adams & Jewell. Nelson Adams died on May 14, 1925. At the time of his death he was residing in Rome, N. Y. Under date of June 16, 1925, letters testamentary were issued by the Surrogate's Court of Oneida County, N. Y., to the Farmers National Bank of Rome, N. Y., as executor under the last will and testament of the said Adams.

One Frank L. Page, as plaintiff, brought action in the Supreme Court of Oneida County, New York, against Nelson Adams, Frank J. Jewell, and the Betson Plastic Fire Brick Co., Inc., as defendants, on September 24, 1919. The plaintiff in that action claimed that the defendants had breached a contract theretofore entered into with the said plaintiff and damages were claimed by the plaintiff against the defendants in " the sum of $50,000 and such other damages as he may have sustained at the time of the trial of this action." It was claimed by the plaintiff that the defendants had violated a contract which was entered into between the plaintiff and the defendants on March 24, 1916. The case was brought on to trial on February 4 and 5, 1920, and was tried before the court without a jury. The trial resulted in a decision and judgment in the plaintiff's favor, declaring

valid the contract and supplemental contract entered into by and between the plaintiff and defendants, decreeing that the defendants specifically perform their contract, and awarding damages to the plaintiff in the sum of $18,000 with costs, including an extra allowance of $600. The judgment for money damages in the sum of $18,000 and costs and an extra allowance of $600 was entered against Nelson Adams and Frank J. Jewell only and not against the corporation which was formed by them. Judgment was accordingly entered in favor of Page against Adams and Jewell in the sum of $18,718.65 on September 20, 1920, and the judgment was duly docketed by the county clerk of Oneida County.

Interest upon the judgment of $18,718.65 from the date of entry thereof to December 31, 1920, amounted to $312, making the total amount of the judgment and interest as of December 30, 1920, $19,030.65. One half of this amount the petitioner deducted in his income-tax return for 1920 as a liability on that date.

The Commissioner disallowed the deduction claimed in the return and increased the income as the result of such disallowance $9,515.32 to each of the partners.

The judgment, in addition to money damages against Adams and Jewell for violation of the contract, enjoined Adams and Jewell and the Betson Plastic Fire Brick Co., Inc., from selling their product in certain territory. The money damages against Adams and Jewell were for the amount determined by the court to be due on account of past sales, the court stating as follows: " That the profit of the plaintiff through his contract with, and by the purchase of their products from, the defendants, Nelson Adams and Frank J. Jewell, and the sale of those products by him for the year ending June 30, 1918, was the sum of $21,506.94, and for the year ending June 30, 1919, the sum of $39,401.42; that for the six months succeeding June 30, 1919, the profit of the plaintiff from his business was only the sum of $4,395.19; that the plaintiff has sustained damages by the breach of their contract by the defendants, Nelson Adams and Frank J. Jewell, in the sum of $18,000.00."

On October 14, 1920, the defendants appealed from the judgment to the Appellate Division of the Supreme Court, Fourth Department, of the State of New York, and on May 4, 1921, the Appellate Division affirmed the judgment. Notice of further appeal from the decision of the Appellate Division was served and other steps were being taken to perfect this appeal when, in November, 1921, the copartnership of Adams & Jewell paid to Frank L. Page the sum of $27,500 in full satisfaction of the judgment against Adams and Jewell and for cancellation of the contract outstanding between Page and Adams and Jewell, individually, and the Betson Plastic

Fire Brick Co., Inc., and for a release of an injunction then outstanding.

In its original return for the calendar year 1920 which was filed on March 10, 1921, the partnership of Adams and Jewell did not claim as a deduction the amount of the judgment entered in the lower court in that year with interest, and the books of the partnership did not show that the said amount was set up by the partnership as a liability in 1920. The partnership filed an amended return on December 21, 1921, for the calendar year 1920, claiming the amount of said judgment as a deductible loss in 1920.

The partnership kept its books of account and filed its returns for the years 1920 and 1921 upon the accrual basis.

### OPINION.

TRAMMELL: This case is governed by *Farmers National Bank of Rome* v. *Commissioner*, 6 B. T. A. 1036.

The deduction claimed for 1920 is accordingly disallowed.

*Judgment will be entered on 15 days' notice, under Rule 50.*

---

HARRY P. TRUE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LONA TRUE HODGDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5326, 5327.   Promulgated April 26, 1927.

An inventory on basis of the lower of cost or market is not sufficiently proved by evidence that, in the judgment of certain witnesses in the business based on their experience the valuation represents market value.

*Robert C. Cooley, Esq.*, for the petitioners.
*F. O. Graves, Esq.*, for the respondent.
*Morris L. Ernst, Esq.*, and *John J. Wildberg, Esq.*, as *amici curiæ.*

Deficiencies of $340.92, $1,353.21, and $3,162.23 in the case of Harry P. True, and $285.87, $645.15, and $2,703.16 in the case of Lona True Hodgdon, for the years 1919, 1920, and 1921, respectively, in both cases. The Commissioner restored the cost basis of inventories of a partnership of which petitioners are members.

### FINDINGS OF FACT.

The petitioners during each of the taxable years involved were partners in the firm trading as True Brothers, conducting a retail